FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 23, 2015

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN (ENWILST) LOUIE,<br><br>     Plaintiff,<br><br>  v.<br><br>JENELLE RENEE BREWER; BENARD VALCOURT; LAURIE CHARLESWORTH; BYRON MICHAEL; JOSEPH LOUIS; LYLE WILLIAM BREWER; and any interested party,<br><br>     Defendants. | No. 2:15-CV-0292-SMJ<br><br>**ORDER DISMISSING CASE** |

  After reviewing Plaintiff's Complaint, ECF No. 1, and the relevant legal authority, the Court concludes that it lacks subject matter jurisdiction. Accordingly, the Court dismisses Plaintiff's complaint *sua sponte* and without prejudice.

  Plaintiff John Louie filed his pro se complaint on October 20, 2015. ECF No. 1. It appears that Plaintiff believes that he is the sole heir-at-law of his deceased brother, Jimmie Louie. Attached to the complaint are a number of documents:

ORDER **-** 1

- A letter from the Aboriginal Affairs and Northern Development Canada (AANDC) to Defendant Jenelle Renee Brewer informing her that her application to serve as executor of the decedent's estate was approved by the Minister of Indian Affairs.  ECF No. 1 at 3-4.
- Plaintiff's notarized affidavit challenging the decedent's will.  ECF No. 1 at 5-11.
- Plaintiff's notarized affidavit pursuant to the Canada Indian Act, R.S.C., 1985, c. I-5, explaining the factual basis for his challenge to the decedent's will.  ECF No. 1 at 13-15.
- A copy of the decedent's death certificate.  ECF No. 1 at 16.
- A printout of the Wikipedia page describing renal failure.  ECF No. 1 at 17.
- A printout of the Wikipedia page describing cirrhosis.  ECF No. 1 at 18.
- A printout of the Wikipedia page describing alcohol-related dementia.  ECF No. 1 at 19-20.
- An order of prohibition showing that the decedent was convicted of driving under the influence of alcohol or a drug in 1993 in British Columbia.  ECF No. 1 at 21.
- A memo to the decedent dated June 3, 2010 stating 6 concerns with what appears to be his job performance.  EDF No. 1 at 22.
- A pharmacy's list of the decedent's prescriptions.  ECF No. 1 at 23-24.
- A document containing photocopies of receipts and a handwritten note.  ECF No. 1 at 25.
- A laboratory form showing that the lab suspects that the decedent had "alcohol liver disease".  ECF No. 1 at 26-27.
- A document scheduling an ultrasound for the decedent.  ECF No. 1 at 28-29.
- A record from Canada Post showing that a piece of mail was received and signed for.  ECF No. 1 at 30.
- A record from Canada Post showing that a second piece of mail was received and signed for.  ECF No. 1 at 31.
- A record from Canada Post showing that a third piece of mail was received and signed for.  ECF No. 1 at 32.
- A record from Canada Post showing that a fourth piece of mail was received and signed for.  ECF No. 1 at 32.
- A letter from Defendant Laurie Charlesworth, Senior Estates Officer for AANDC, to Plaintiff.  The letter indicates that the agency has received Plaintiff's documentation in support of his application to have the

ORDER - 2

- decedent's will voided and requests mailing addresses for listed interested individuals. ECF No. 1 at 33.
- Plaintiff's response to Defendant Charlesworth's letter. ECF No. 1 at 34-36.
- A letter from Dan Wilson, Councilor for the Okanagan Indian Band, to Plaintiff requesting additional time to respond to documents sent to him. ECF No. 1 at 37.
- A letter from Plaintiff to Defendant Charlesworth purporting to grant the 1-month extension requested by Wilson to respond to his documents. ECF No. 1 at 38.
- A handwritten document listing the word "fax" or "mail", each defendant's name, a date, and Plaintiff's initials. ECF No. 1 at 39. This appears to be Plaintiff's attempt to show that he served his complaint on each defendant.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). Original jurisdiction must be based either on diversity of citizenship under 28 U.S.C. § 1332, or on a claim involving the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331. When a federal court lacks subject matter jurisdiction the court must dismiss the complaint, sua sponte if necessary. *Pistor v. Garcia,* 791 F.3d 1104, 1111 (9th Cir. 2015).

Every complaint filed in federal court must contain a short and plain statement of the grounds for the court's jurisdiction, the claim showing the claimant is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a).

Plaintiff's complaint does not comply with Rule 8(a). There is no plain statement of the basis for the Court's jurisdiction in the complaint. *See* ECF No. 1

ORDER **-** 3

1  at 1-2. In the civil cover sheet filed with his complaint, Plaintiff asserts that this
2  court has jurisdiction based on diversity of citizenship. ECF No. 1-1. But
3  Plaintiff lists addresses in Canada for himself and all the defendants. ECF No. 1
4  at 5. And, also in the civil cover sheet, Plaintiff indicates that he and the
5  defendants are citizens or subjects of a foreign state. ECF No. 1-1 at 1. No
6  diversity jurisdiction exists where, as here, a citizen of a foreign state sues a
7  citizen or citizens of a foreign state. 28 U.S.C. § 1332(a).

8      Likewise, Plaintiff's complaint does not contain a short and plain statement
9  of his claim or a demand for the relief sought. *See* ECF No. 1 at 1-2. It appears
10 that Plaintiff challenges the will of his brother, a member of Canada's First
11 Nations, and the related actions of Aboriginal Affairs and Northern Development
12 Canada and its employees. While the Court cannot be sure of much based on this
13 complaint, the Court is sure that this is not a dispute arising under the
14 Constitution, laws, or treaties of the United States. There is no federal question
15 jurisdiction. 28 U.S.C. § 1331.

16     This Court lacks subject matter jurisdiction over this case. It is absolutely
17 clear that these deficiencies could not be cured by amendment. So while the
18 Court usually permits pro se litigants the opportunity to amend prior to dismissal,
19 the Court declines to do so here. *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.
20

ORDER **-** 4

1987); *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988).

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

**2.** The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and forward a copy to Plaintiff.

**DATED** this 23rd day of October 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Civil\2015\Louie v. Brewer et al-0292\ord.dismiss.smj.lc1.docx

ORDER **-** 5